# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2007

Charles R. Fulbruge III
Clerk

No. 07-20362
Summary Calendar

HEATH MESHELL

Plaintiff-Appellant

v.

NOBLE DRILLING SERVICES INC; NOBLE DRILLING (US) INC

Defendants-Appellees

_____

THOMAS RAY REDD, JR

Plaintiff-Appellant

v.

NOBLE DRILLING SERVICES INC; NOBLE DRILLING (US) INC

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-1690
USDC No. 4:05-CV-1691

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Heath Meshell and Thomas Ray Redd, Jr. contest the summary judgment awarded their former employer, Noble Drilling Services, Inc., against their claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.

A summary judgment is reviewed de novo, applying the same standard as the district court. E.g., Wheeler v. BL Dev. Corp., 415 F.3d 399, 401 (5th Cir. 2005). Such judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). "We resolve doubts in favor of the nonmoving party and make all reasonable inferences in favor of that party." Dean v. City of Shreveport, 438 F.3d 448, 454 (5th Cir. 2006). No genuine issue of material fact exists if the summary-judgment evidence is such that no reasonable juror could find in favor of the nonmovant. E.g., Jenkins v. Methodist Hosps. of Dallas, Inc., 478 F.3d 255, 260 (5th Cir.), cert. denied, 128 S. Ct. 181 (2007). Essentially for the reasons stated in the magistrate judge's comprehensive report and recommendation, adopted by the district court, summary judgment was proper.

Regarding the summary-judgment record, Appellants contend the district court erred by excluding documents from the Equal Employment Opportunity Commission's investigation of their charges. Appellants fail, however, to show the district court abused its discretion. See Kona Tech. Corp. v. S. Pac. Transp. Co., 225 F.3d 595, 602 (5th Cir. 2000) (stating evidentiary rulings are reviewed for abuse of discretion); McClure v. Mexia Ind. Sch. Dist., 750 F.2d 396, 400 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1985) (finding EEOC determinations are not an exception to hearsay when "the sources of information or other circumstances indicate the lack of trustworthiness") (quoting FED. R. EVID. 803(8)(c)); see also FED. R. CIV. P. 56; FED. R. EVID. 802, 803, 807. (Along this line, Appellants' brief cites neither authority nor the record for this issue.)

Appellants maintain summary judgment was not proper because genuine issues of material fact exist on: whether Noble exercised reasonable care to prevent the sexually harassing behavior, from mid-November to mid-December 2003; and whether Appellants unreasonably failed to take advantage of any corrective opportunities Noble provided. See Casiano v. AT&T Corp., 213 F.3d 278, 284 (5th Cir. 2000) (explaining Ellerth/Faragher affirmative defense). Appellants' summary-judgment evidence, however, failed to establish a material fact issue. See, e.g., Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (en banc) (explaining burden on nonmovant on Rule 56 summary-judgment motion).

AFFIRMED.